*535
 
 Marshall, C. J.
 

 This is ail original suit filed in this court in
 
 quo warranto,
 
 alleging that the respondent, Gillen, unlawfully holds the office of mayor of the city of Wellston, Ohio, and that the relator is entitled thereto, and praying that said Gillen be ousted therefrom, and that relator be adjudged entitled to the office. An answer has been filed, and the cause is submitted to this court upon demurrer to the answer.
 

 The admitted facts are that Gillen was elected as mayor of Wellston in' November, 1923, and qualified and began hi.s duties. January 1, 1924. In November, 1924, he was elected as state senator for the 7th-8th senatorial district, and in January, 1925, qualified as such, and has ever since performed the duties of state senator. The relator, in November, 1923, was elected president of the council of Wellston, and if Gillen is disqualified from continuing to hold the office of mayor, relator is by statute made his successor to said office.
 

 In the answer Gillen alleges that the relator is disqualified from holding the office of president of council, and therefore holds no title to said office, because, Gillen alleges, prior to his election as such president of council relator held the office of civil service commissioner, and while holding such office was guilty of certain malfeasance in office, which, under the provisions, of Section 3808, General Code, disqualified him from holding “any office of trust or profit in the corporation, * * * and if in office * * * shall be dismissed therefrom.”
 

 Relator filed a reply denying all such allegations, and later withdrew the reply and filed a demurrer
 
 *536
 
 to the answer for the purpose of testing the sufficiency of these allegations as defensive matter. This question will first be disposed of. It is claimed by relator that this question cannot be determined in this court in this proceeding, and must be determined, if at all, in accordance with the provisions of Sections 4670 to 4675, inclusive, General Code. These sections give jurisdiction to the probate court to hear and determine such charges, and give to the person so accused the right to a jury trial.
 

 This identical question has been met and determined by this court in the case of
 
 State ex rel.
 
 v.
 
 Gunson,
 
 58 Ohio St., 313, 50 N. E., 907, the syllabus of which reads:
 

 “Where the causes of removal from office are prescribed by statute which also provides a special mode of procedure for such removal, the statutory remedy is the exclusive one, and
 
 quo warranto
 
 will not lie.”
 

 We are entirely satisfied .with the reasoning of the opinion in that case, and it is unnecessary to review the same in this opinion. It is claimed, on the other hand, that the case of
 
 State ex rel. Holbrock
 
 v. Egry, 79 Ohio St., 391, 87 N. E., 269, 16 Ann. Cas., 155, is a counter authority which is more nearly in point. In that case Ilolbrock, the relaitor, admitted his disqualification in his petition, and the court very properly held that he was not in court with clean hands, and therefore not entitled to invoke the processes of a court of equity. In the instant case Gettles has filed a, sworn reply, and states professionally in open court that, if the demurrer is overruled,
 
 *537
 
 the reply will be refiled. If this demurrer should be overruled on this ground, and the reply should be refiled, an issue would be raised which this court would have no jurisdiction to determine. The court may not, therefore, deliberately place itself in a position of inviting an issue which will later have to be rejected. If this were the only question presented by this demurrer, the demurrer would have to be sustained.
 

 An examination of other allegations of the petition and answer presents other and more difficult questions. It is alleged in the petition that the respondent “has claimed and unlawfully holds said office of mayor of said city of Wellston, Ohio, and as such officer assumes to do and perform all and singular the duties pertaining to said office and to receive the fees and emoluments thereof to the exclusion of and against the rights of said relator as hereinafter set forth.”
 

 Again in the petition we find:
 

 “Said Eoy Gillen refused to so surrender said office of mayor, and still usurps and unlawfully holds and attempts to exercise the duties of said office.”
 

 The answer of Gillen alleges:
 

 “He [Gillen] has been and is now performing all and singular the duties pertaining to said office, as alleged in the amended petition.”
 

 We find nothing, therefore, indicating an intention on the part of Gillen to abandon the office of mayor, but, on the contrary, find his sworn declaration and admission of the allegations of the petition to the effect that he has been and still is the mayor, and acting as such, and is performing afi
 
 *538
 
 of the duties and functions of the office. Relator relies upon Section) 4 of Article II of the Constitution, which reads:
 

 “Ño person holding office under the authority of the United States, or any lucrative office under the authority of this state, shall be eligible to, or have a seat in, the General Assembly; but this provision shall not extend to township officers, justices of the peace, notaries public, or officers of the militia.”
 

 This
 
 quo warranto
 
 proceeding is predicated upon this constitutional provision. The respondent says that this provision cannot be made to apply to him, because it has nothing to do with the office of mayor; but, on the other hand, if it has any application to him, disqualifies him from eligibility to, or having a seat in, the General Assembly.
 

 Any study of this controversy, however casual, would seem to lead to the conclusion that the office of state senator is a much more important and much more desirable office than 'that of mayor of Wellston, and yet Mr. Gillen appears in this court, represented by able counsel, who advocate the proposition, that, if there is any constitutional inconsistency in holding both offices at the same time, the fact that Mr. Gillen was holding the office of mayor at the time of his election, and that he has ever since continued to hold and discharge the duties of that office, renders him ineligible to the office of state senator, and that that fact cannot in any event automatically oust him from the office of mayor. It is further contended that the continued occupancy and discharge of the duties of the office of mayor cannot in any event be con
 
 *539
 
 strued to be an abandonment of the office, and that bis qualification and discharge of the duties of the office of state senator cannot be construed as tantamount to a resignation of the office of mayor. It is impossible to mistake the position of Mr. Gillen and his counsel on this point. Counsel distinctly point out that the language of Section 4 of Article II of the Constitution refers only to the ineligibility to have a seat in the General Assembly, and does not directly or remotely, expressly or by implication, disqualify Gillen from holding the office to which he was theretofore elected, and which he still claims. We are further referred by counsel to the case of
 
 State ex rel.
 
 v. Kearns, 47 Ohio St., 566, 25 N. E., 1027, the fifth paragraph of the syllabus of which declares:
 

 “The appointment by a city council of a member thereof to an office which the statute makes a member of council ineligible to fill, and his acceptance thereof, does not work an abandonment of his office as councilman. The appointment to the second office is absolutely void.”
 

 That case construes the provisions of Section 1717, Revised Statutes of 1880:
 

 “No member of council shall be eligible to any other office, or to a position on any board provided for in this title, or created by law, or ordinance of council, except as provided in the seventh division of this title.”
 

 Two members of the council of the city of Springfield had been appointed to membership in other boards, and, in a
 
 quo warranto
 
 proceeding, it was held as shown by the fifth paragraph of the syllabus, above quoted. In the case at bar the
 
 *540
 
 Constitution, in Section 4 of Article II, declares that any person holding a lucrative office under the authority of this state is ineligible to a seat in the General Assembly. Applying the principles of the
 
 Kearns case
 
 to the case at bar, as we are asked to do by counsel for Mr. Gillen, it results in declaring that Mr. Gillen still holds the office of mayor, and that any ineligibility must relate to the office of state senator.
 

 Counsel for the respondent are protesting that this court, as well as other courts, is powerless to inquire into the qualifications of respondent to hold the office of state senator, claiming that this has already been determined by the action of the state senate in January, 1925, at which time it was determined by the senate that, inasmuch as respondent was not accepting any fees or compensation whatever as mayor of the city of Wellston, he was not holding any lucrative office under the authority of this state. Without deciding the validity of the claim of respondent to the office of state senator, it may be suggested that the mere fact of not receiving the salary provided by law and the ordinances of the city of Wellston does not by any means determine that the office itself is not a lucrative office.
 

 It is further claimed by counsel that because of the provisions of Section 6 of Article II, that ‘ ‘ Each house shall be judge of the election, returns, and qualifications of its own members,” there can never be a judicial inquiry into the eligibility of any of the members of either house, except by inquiry in the house in which he has been elected to membership. It is proper that we should point out that this
 
 *541
 
 provision of the Constitution may not entirely disregard Section 4, relating to eligibility. Manifestly the senate may not declare a member eligible under circumstances where the Constitution itself has declared him to be ineligible. This court, in the case of
 
 State ex rel.
 
 v.
 
 O’Brien,
 
 47 Ohio St., 464, 25 N. E., 121, has virtually held that
 
 quo warranto
 
 may be employed to inquire into the title of a person to the office of member of a city council.
 

 This question has been more directly met in two other cases. In the case of
 
 State ex rel. Allen
 
 v.
 
 Mason,
 
 61 Ohio St., 62, 55 N. E., 167, the question did not arise in such form that it was necessary to decide it, but the opinion nevertheless-declared that the court would assume without deciding that a member of the General Assembly could be adjudged to be disqualified, although the house had recognized him as qualified.
 

 Again, in the case of
 
 State ex rel. Leland
 
 v.
 
 Mason,
 
 61 Ohio St., 513, 56 N. E., 468, that being a mandamus suit brought by a member of the General Assembly to recover his salary as such, after he had accepted an appointment to a federal judgeship, the syllabus makes the following pertinent declaration:
 

 “A
 
 member of the General Assembly, who has accepted an appointment to a federal judgeship, thereby, by force of ¡Section 4 of Article II of the Constitution, becomes ineligible to a seat in the General Assembly and ceases to be a member of that body, and is not entitled to payment of salary thereafter.”
 

 We are not called upon in this case to decide
 
 *542
 
 the question of Gillen’s title to the office of state senator. We are only called upon by the demurrer to the answer, which searches the record, and challenges the sufficiency of the petition, to determine Gillen’s title to the office of mayor of Wellston, and we have reached the conclusion, under the admitted facts of the petition and answer, that he was duly elected and qualified as mayor', and has not abandoned the office or become disqualified to hold it. The demurrer to the answer will therefore be overruled, and a demurrer to the petition will be sustained. Under the admitted facts, and applying thereto the law which has been cited and commented upon, the cause must be dismissed.
 

 Petition dismissed.
 

 Matthias, Allen and Robinson, JJ., concur.
 

 Jones, J., not participating.